**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandrine Mounier, et al., | No. CV-19-01778-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| RLI Corporation, et al., | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss of Defendant Four Season Travel, LLC (Doc. 14).[1] For the following reasons the motion is granted.

## BACKGROUND

This case is before the Court in diversity jurisdiction, having been removed by the Defendants from the Superior Court for Maricopa County on March 18, 2019. (Doc. 1.) The complaint alleges the following facts, which for purposes of this motion to dismiss are taken as true. Plaintiffs Sandrine and Gustave Mounier are residents of France who decided to visit the American Southwest. As part of their visit, they contracted with Defendant Geo Tours for two tickets on a bus tour of various areas in northern Arizona. Geo Tours, as part of its management of the tour, had an insurance policy that covered the trip. Geo Tours contracted with Defendant Four Season Travel to provide a bus and chauffeur for the trip. Four Season insured the bus with Defendant RLI Corp., and the contract included an underinsured motorist provision ("UIM provision").

---
[1] The Reply of Defendant Four Season was untimely filed and was therefore not considered by the Court.

On the night of November 10, 2015, apparently after they had been dropped off at their hotel for the evening, the Mouniers were in a crosswalk in Page, Arizona, when non-party Albert Henry "drove his vehicle so as to collide into the Mouniers and/or lead them to believe they would be collided into as they traversed a crosswalk on foot." (Doc. 1 at 7.) Ms. Mounier was injured and was required to return home early, where she underwent surgery on her wrist and has since lost some function in the joint.

The Mouniers recovered the limits of Albert Henry's liability insurance policy and then notified Geo Tours and Four Season that they would be making claims against their insurance. They also requested copies of the relevant policies and the accompanying limits. Four Season forwarded the claim over to RLI, its insurer. RLI denied the claim and refused to provide a copy of the entire insurance policy to the Mouniers. The Mouniers asked RLI to reconsider but were again denied. Eventually, RLI offered $10,000 to Ms. Mounier. The Mouniers then filed this action, alleging—as relevant to the current motion—a claim of "Negligence, Gross Negligence, [and] Punitive Damages" against all Defendants, including Four Season.

Four Season now moves to dismiss that claim, arguing that the Mouniers have failed in the complaint to state a plausible claim on which relief could be granted.

## DISCUSSION

**I.     Legal Standard**

Federal Rule of Civil Procedure 12 (b)(6) is designed to "test[ ] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 555.

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

**II.  Analysis**

**A.  The negligence claim is not barred by the statute of limitations.**

Four Season argues that the negligence claim is barred by the applicable statute of limitations. Negligence actions in Arizona must be brought within two years of the accrual of the cause of action. *Rowland v. Kellogg Brown and Root, Inc.*, 210 Ariz. 530, 532, 115 P.3d 124, 126 (Ariz. Ct. App. 2005) (citing Ariz. Rev. Stat. Ann. § 12-542). The cause of action accrues when "the plaintiff knows or, in the exercise of reasonable diligence should know the facts underlying the cause." *Tavilla v. Cephalon, Inc.*, 870 F. Supp. 2d 759, 763–64 (D. Ariz. 2012) (citing *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588, 898 P.2d 964 (Ariz. 1995)).

Four Season asserts that the applicable two-year period in which the Mouniers can bring this negligence action began the night the Mouniers were injured—November 10, 2015. However, the complaint does not allege that the negligence claim it brings has anything to do with that incident. Rather, the negligence claim centers on actions taken regarding its insurance claim and related acts. The accrual of the negligence claim is thus, at least at present, a question of fact, and will not result in dismissal of the claim at least at this stage of the case.

**B.  The complaint fails to state a claim of negligence or punitive damages.**

To state a claim for negligence in Arizona, a plaintiff must allege "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 214 Ariz. 141, 143, 150 P.3d 228, 230 (2007) (en banc).

Punitive damages require "something more" than simply demonstrating that a tort occurred. *See Rawlings v. Apodaca*, 151 Ariz. 149, 162, 726 P.2d 565, 478 (1986) (en banc). "The requisite 'something more,' or 'evil mind,' is established by [clear and convincing] evidence that [the] defendant either (1) intended to injure plaintiff or (2) consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others." *Gurule v. Illinois Mut. Life and Cas. Co.*, 152 Ariz. 600, 602, 734 P.2d 85, 87 (1987) (en banc).

The complaint fails to sufficiently allege a negligence, gross negligence, or punitive damages claim against Four Season. The allegations against Four Season in the complaint are sparse and do not establish that Four Season breached a duty or caused injury to the Mouniers. The complaint alleges that "the manner—willfully, wantonly, consciously, voluntarily, recklessly, maliciously, and/or with an evil mind—in which Defendants handled the Mouniers [sic] insurance claim constitutes a breach of their duties, which amount [sic] to the torts of negligence/gross negligence." (Doc. 1 at 10.) The complaint also alleges that Four Seasons "adopted unfair, deceptive, and/or unconscionable trade practices(s) [sic] that were pursued with an evil mind and/or in willful, wanton, voluntary, reckless, malicious, and/or conscious disregard of the rights of their offerees/insureds, their covenant of good faith and fair dealing, their duty to provide their offerees/insureds with equal consideration, and the laws of Arizona." (*Id.*)

However, there are no factual allegations which would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. There are no allegations establishing that Four Season breached any duty

to the Mouniers or that the Mouniers were injured by Four Season's conduct. The complaint merely alleges that Four Season is a California limited liability company doing business in Arizona; that Geo Tours contracted with Four Season to provide a bus and chauffer for the trip; that Four Season had a UIM policy with RLI; that Four Season knew that its agents would be spending three days chauffeuring tourists around Arizona; that the Mouniers notified Four Season of an insurance claim and asked for copies of the relevant insurance policies; that Four Season turned the claim over to its insurer, RLI; and that ultimately RLI denied the Mouniers' claim. Those statements, which constitute the entirety of the allegations regarding Four Season in the complaint, do not allege a plausible claim for relief on a negligence theory. Neither do those allegations state a claim for punitive damages.

The Mouniers contend that "Four Season's negligence can be reasonably inferred from the allegations because of their contracts with each of the other defendants." (Doc. 15 at 3.) The Mouniers cite no authority to support that statement, and the Court does not find it persuasive.[2]

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of Defendant Four Season Travel, LLC (Doc. 14) is **GRANTED**, and the claims against it are **dismissed** with **leave to amend.**

**IT IS FURTHER ORDERED** that if Plaintiffs elect to file an amended complaint, they shall do so **within thirty (30) days** of the date of this Order.

///
///
///
///
///

---

[2] In fact, the Court notes that *both* parties' briefing on this motion is devoid of citation to legal authority, aside from citations to case law establishing the standard of review for motions to dismiss under Rule 12(b)(6).

**IT IS FURTHER ORDERED** that if Plaintiffs elect not to file an amended complaint **within thirty (30) days** of the date of this order, the Clerk of Court shall terminate Defendant Four Season Travel, LLC without further Order of the Court.

Dated this 30th day of May, 2019.

_____
G. Murray Snow
Chief United States District Judge