WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandrine Mounier, et al., | No. CV-19-01778-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| RLI Corporation, et al., | |
| Defendants. | |

Pending before the Court is the Motion to Bifurcate and Stay Discovery on Bad Faith and Punitive Damages Claims of Defendant RLI Corp. (Doc. 22). For the following reasons the motion is granted in part and denied in part.

**BACKGROUND**

Plaintiffs Sandrine and Gustav Mounier filed this action against Defendants RLI Corp., Four Season Travel, and GEO Tours. The Court dismissed Four Season Travel as a party upon its motion. (*See* Doc. 24.) In the Case Management Order, the Court granted leave for RLI to file two separate motions for summary judgment: one motion on choice of law and the issue of coverage, and a second regarding all other issues in the case. (Doc. 25 at 4.) The first motion is due no later than September 27, 2019. The deadline for discovery regarding choice of law and coverage issues is August 30, 2019, and discovery for other issues is to be completed by February 14, 2020. (*Id.* at 2.) In the current motion, RLI requests that the Court bifurcate trial and discovery.

/ / /

**DISCUSSION**

**I.    Legal Standard**

The Federal Rules of Civil Procedure permit a court to order a separate trial of separate issues for convenience, to avoid prejudice, or to expedite and economize. Fed. R. Civ. P. 42(b). District courts have broad discretion as to whether bifurcation is appropriate. *Zivokic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (citing *Exxon Co. v. Sofec, Inc.*, 54 F.3d 570, 575 (9th Cir. 1995)). "The piecemeal trial of separate issues in a single lawsuit . . . is not to be the usual course, however, and will be ordered only where the party seeking separate trials meets his or her burden of proving that bifurcation is necessary." *Lassley v. Secura Supreme Inc. Co.*, No. 14-cv-1766, 2015 WL 5634307 at *2 (D. Ariz. Sept. 15, 2015) (internal citations and quotation marks omitted).

**II.   Analysis**

Because the Court previously granted leave for RLI to file a preliminary summary judgment motion on the issues of choice of law and coverage, the sole issue remaining for decision in this motion is whether discovery and trial should be bifurcated along the same lines. RLI contends that bifurcation of discovery and trial is justified here because a trial on the choice of law and coverage issues could prevent the necessity of a second, longer, costlier trial on the issues of insurance bad faith and punitive damages

Under Arizona law, an insurance bad faith claim can be brought regardless of whether the insurer actually denied coverage. *See Deese v. State Farm Mut. Auto. Ins. Co.*, 172 Ariz. 504, 510, 838 P.2d 1265, 1271 (1992) ("We hold that a plaintiff may simultaneously bring an action both for breach of contract and for bad faith, and need not prevail on the contract claim in order to prevail on the bad faith claim."). In California, however, a bad faith claim cannot be brought if a putative insured was not owed coverage. *See Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1151 (1990) ("[T]here are at least two separate requirements to establish breach of the implied covenant [of good faith]: (1) benefits due under the policy must have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause.").

Thus, if California law applies, a determination that no coverage was due would have the effect of rendering the remainder of trial unnecessary. For that reason, the Court allowed RLI to file an initial motion on the choice of law and coverage issues. But the Court is not persuaded that the possibility of a ruling favorable to RLI on both of those issues outweighs the potential inefficiencies that would result from two separate trials. If the case was bifurcated, and RLI did not prevail on the choice of law issue, the bad faith and punitive damage claims would have to be tried regardless of the outcome of the breach of contract action. For those reasons, the Court declines to order bifurcation of the case.

However, as the Court has previously determined to allow two rounds of briefing, it would be appropriate to allow only discovery related to the limited issues of choice of law and coverage under the policy until those issues are decided. This course will have the benefit of preventing extensive and expensive discovery regarding the bad faith and punitive damages claims until it becomes clear that those claims can be brought. And this approach will also avoid the potential inefficiencies of have two separate trials should the resolution of the choice of law issue go against RLI. Discovery on the issues of choice of law and coverage under the policy may proceed as outlined in the Case Management Order (Doc. 25). Until the Court's resolution of those two preliminary issues, discovery on the bad faith and punitive damage claims is stayed.

**IT IS THEREFORE ORDERED** that the Motion to Bifurcate and Stay Discovery on Bad Faith and Punitive Damages Claims of Defendant RLI Corp. (Doc. 22) is **GRANTED IN PART AND DENIED IN PART**. RLI shall file its preliminary motion regarding choice of law and coverage issues according to the schedule set forth in the Court's Case Management Order (Doc. 25). Until the resolution of that motion, all discovery regarding the bad faith and punitive damages claims is **STAYED**.

Dated this 2nd day of August, 2019.

_____
G. Murray Snow
Chief United States District Judge